DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## October, 1889.

---

MARY O'CONNOR, PLAINTIFF, *v.* DENNIS McMAHON, DEFENDANT.

*Husband and wife — conveyance of land to both — right of the husband to dispose of his interest therein.*

Where a conveyance of real estate is made to a husband and wife, as grantees, and the grantees subsequently separate, the husband voluntarily leaving the wife in the possession and control of the premises, he cannot, by any conveyance or other act on his part, deprive the wife of the enjoyment of the land and the reasonable support which the same may afford her.

While the husband, by virtue of his marital rights, has the power to receive and dispense the avails of land so conveyed to himself and wife, for the common support of themselves and their children, he is not at liberty when he absents himself from the possession and control of the property, leaving his wife in the possession and control thereof, to dispose of the rents, issues and proceeds thereof to a third party.

The common-law rule which authorizes the husband to receive the rents and profits of such lands requires him at the same time to apply the same, or so much thereof as is necessary, to the support and maintenance of his wife and family.

MOTION by the defendant for a new trial upon exceptions ordered to be heard at General Term in the first instance, after a verdict for nominal damages directed by the court at the Steuben Circuit in November, 1888.

The case was originally begun in a court of a justice of the peace and was removed into the Supreme Court, under the statute, upon a plea of title.

*Hadden & McNamara*, for the plaintiff.

*George T. Spencer*, for the defendant.

MACOMBER, J.:

Certain real estate, known as lot 1 in block 100, in the village of Corning, was conveyed to the plaintiff and her husband, Dennis O'Connor, on the 13th day of September, 1873. In a year or two thereafter Dennis O'Connor and the plaintiff separated, he voluntarily leaving her in the possession and control of the premises, and they have continued to live separate and apart since that time. On the 21st day of October, 1876, Dennis O'Connor executed a deed of an undivided half of said premises to the defendant Dennis McMahon. The plaintiff, however, did not join in this conveyance, nor has she done any act to confirm the same in any respect. On the 11th of November, 1876, one Catharine M. Hogan recovered a judgment against the same Dennis O'Connor. Subsequently the interest of said Dennis in such lands was sold by the sheriff of the county of Steuben to Catharine M. Hogan, who thereupon took possession of the west half of the said lot and erected a house thereon, assuming that she was a tenant in common with this plaintiff. Afterwards Catharine M. Hogan brought an action in the County Court of Steuben against the said Dennis McMahon and his wife for a partition of the premises in question, upon the ground that McMahon and his wife were tenants in common with her of said premises. The plaintiff in this action was not made a party to that action, but on the 5th day of October, 1885, after a judgment had been entered therein, a motion was made in the Steuben County Court, by Dennis McMahon, for an order putting him into possession of the east half of said lot, that being the portion of the land awarded to him in and by the judgment given in the partition suit. Such motion papers were served upon this plaintiff. She appeared in pursuance of the notice and objected to the jurisdiction and power of the court thus summarily to adjudge upon her rights, which objection was overruled and the court proceeded to carry into effect the judgment already pronounced. During all of this time the

plaintiff was in possession of all the lands and had growing upon the part in dispute a crop of oats. Shortly thereafter, with the aid of the sheriff, McMahon took possession of the east half of the lot, removed the oats and erected a fence between the two parts of the land, against the will and objection of the plaintiff.

This case is brought in trespass to recover damages for the unlawful taking of the possession of the premises and going upon said land and removing and destroying a growing crop thereon. The proceeding in the County Court of Steuben county whereby, upon a mere motion to put McMahon in possession of a portion of the premises, the rights of this plaintiff were attempted to be adjudicated was a mere nullity. Not being a party to the action she could not be removed from the land or any portion of it in this summary manner. Nor was it necessary for her to appeal from that determination of the County Court in this respect, for on the face of the proceedings the County Court acquired no jurisdiction. She objected timely to the proposed action in carrying into effect the judgment in partition, and she cannot be prejudiced by the fact that, after having her objection overruled, she, by the aid of counsel, did what she could to resist the unlawful proceedings against her rights. The question, therefore, in this case must be determined by the rule governing estates in entirety where conveyances are made to husband and wife. Notwithstanding the doubts previously expressed in *Meeker* v. *Wright* (76 N. Y., 262) and *Schultz* v. *Schultz* (89 id., 644), the case of *Bertles* v. *Nunan* (92 id., 152) has settled the law in this State to the effect that under a conveyance to a husband and wife jointly they take, not as tenants in common nor as joint tenants, but as tenants by the entirety, and upon the death of either the survivor takes the whole estate. The opinion in that case which contains almost a complete enumeration of the cases theretofore arising in this State upon the question involved, declares that this estate by the entirety still exists notwithstanding the Laws of 1848 (chap. 200); 1849 (chap. 90); 1860 (chap. 375) and 1862 (chap. 172). This decision was reaffirmed in the case of *Zorntlein* v. *Bram* (100 N. Y., 12), which also decided that this common-law rule was not done away with by the act of 1880 (chap. 472, Laws of 1880), allowing the husband and wife to make a division between themselves of land so held by them. This case

further holds that neither husband nor wife can separately convey to a third person by deed any portion of such land so held by them. This decision would seem to be decisive of the case before us.

But the counsel for the defendant has made an argument to the effect that, inasmuch as under the common-law rule the husband, as such, was entitled to receive the proceeds and avails of the land during the joint lives of the owners, he could, as he has attempted to in this instance, transfer such right to a third person. A sufficient answer to this proposition is that in the answer to the complaint the defendant has put his right wholly upon the claim of title to the land by virtue of such conveyance by the husband, and in the proceedings for the partition of such lands above mentioned. Furthermore, for the purposes of this hearing, it is not necessary to decide whether, in any case, the husband may, by the hand of another, by virtue of his common-law marital rights, incident to holding the estate in entirety with his wife, receive and dispose of the issues and profits of the real estate regardless of the rights of his wife. The contention for such proposition would be vulnerable in one respect, namely, that under the common-law rule, while he receives with one hand the rents and profits of the real estate so held, he is, by the same common-law rule, required with the other to dispense the same, or so much thereof as is necessary, to the support and maintenance of his wife and family, which was not done in this instance.

The act of 1860 (chap. 90, § 1) has an important bearing upon the questions here presented; that section is as follows: "The property, both real and personal, which any married woman now owns as her sole and separate property, that which comes to her by descent, devise, bequest, gift or grant; * * * and the rents, issues and proceeds of all such property shall, notwithstanding her marriage, be and remain her sole and separate property, and may be used, collected and invested by her in her own name, and shall not be subject to the interference or control of her husband, or liable for his debts, except such debts as may have been contracted for the support of herself or her children by her as his agent." The real estate in question was conveyed to the plaintiff and her husband subsequently to the passage of this act. The plaintiff's rights, therefore, must receive the protection of the act. Her title is by grant.

We are of the opinion that the husband cannot do any act which will deprive the wife of her rights, under this statute, to the enjoyment of the land and the reasonable support which the same may bring to her. The husband, by virtue of his marital rights, has the undoubted power to receive and dispense the avails of the land for the common support of himself, his wife and their children. In the due and lawful management thereof he is doubtless free from the interference of his wife. This dominating right springs from the relation that he bears to her as husband under the common-law rule. When, however, he absents himself from the possession and control of the property and leaves his wife in the sole possession and control, as was done in this case, he can do no act which will deprive her of the enjoyment which the grant was intended to bring to her. If this view is correct, following, as we believe we do, the decision of *Zorntlein* v. *Bram* (*supra*), the act of the husband in conveying an undivided half of the land to the defendant was inoperative, and under such conveyance the defendant had not the right to any of the crops or to the use and possession of the lands.

The verdict was right and judgment thereon should be ordered for the plaintiff, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Motion for new trial denied, with costs; judgment ordered for the plaintiff on the verdict.