In the Matter of the Accounting of FREDERICK SCHENK, as Executor of KATHARINE M. SCHENK, Deceased.

Surrogate's Court, Kings County, November 20, 1953.

*Edward A. Brown* for executor, petitioner.

*Wrenn & Schmid* for Kings County Trust Company, as guardian of Enid Schenk.

RUBENSTEIN, S.    The petitioning executor-accountant claims the ownership of the proceeds of the sale of certain real property located in Florida.    In 1939, the accountant and the testatrix, husband and wife, held title to the property as tenants by the entirety.    In that year they entered into a contract of sale, the vendee going into possession.    Upon payment of the remaining consideration accountant and testatrix agreed to execute and deliver a deed.    Several years later testatrix was judicially declared incompetent.    Still later the vendee, having tendered the required consideration, commenced an action for specific performance, praying for an order directing the execution and delivery of the deed.    With the permission of the Supreme Court the accountant, as committee for his incompetent wife, executed and delivered the deed on her behalf.    An order entered in that action provided for the deposit of the amount realized subject to the further order of the court and directed that the income therefrom be divided equally between the accountant and the incompetent.    On his discharge as her committee the proceeds were directed to be turned over to the accountant as executor of her estate.

The accountant's claim to the proceeds is based essentially on the theory that the proceeds retain the incidents of ownership characteristic of the real property from which they are derived.    His contention is that, by reason of the tenancy by the entirety, his survivorship perfects his right to the proceeds.    Furthermore, he argues that the order of the Supreme Court providing for the deposit of the proceeds in effect held that they were to retain the character of the real property which they replaced and the issue of the right of the survivor to them is *res judicata.*

In 1939, when testatrix and her husband entered into the contract of sale they agreed to execute and deliver a deed to the property on payment of the consideration called for in

the contract. At that time and for several years thereafter testatrix was competent. By the contract and the terms implicit in its nature, each voluntarily agreed to part not only with his interest in the real property but also with his right to survivorship therein. Testatrix' intention at the making of the contract — and the intention of her husband — was to sever, by operation of law, the incidents attaching to the ownership of real property upon the termination of that ownership. The interest of each in the real property and his right to survivorship was his, at least until, as happened, he was under a duty to convey in accordance with his contract. Had testatrix been competent and had she, in fact, executed and delivered the deed herself pursuant to the duty she imposed upon herself by her own intentional and rational act at a time when she possessed full power of free choice, the sum realized would have been personal property held in common with her husband to which no rights of survivorship attached. Her committee's authorized execution and delivery of the deed on her behalf did no more than testatrix would have been required to do by her own free engagement entered into while she had full use of her faculties. The intervention of her incompetency under such circumstances did not change the effect of her intention at the time of the contract or the results flowing therefrom. There is no need here to invoke any fiction of equity employed in a proper case to protect one whose property is sold without her assent. Upon the delivery of the deed, if not before, the proceeds of the sale became personal property held in common. There being no evidence showing the source of the funds used to acquire the real property, the ownership of the amount realized is presumed to be equal (*Matter of Albrecht,* 136 N. Y. 91; *Matter of McKelway,* 221 N. Y. 15; *Matter of Blumenthal,* 236 N. Y. 448; *Matter of Maguire,* 161 Misc. 219, affd. 251 App. Div. 337, affd. 277 N. Y. 527).

There is no merit to the contention of *res judicata.* The issue was never presented to the Supreme Court in an adversary proceeding wherein the issue was squarely offered for decision. In fact, the order in that proceeding was entered on motion of the attorney who appeared for both defendants, the accountant herein individually and as committee of his wife.

The accountant is directed to account for testatrix' one half share of the proceeds of the sale of the Florida real property.

The fee of the accountant's attorney for services rendered to the estate is fixed and allowed in the sum of $7,500. Such compensation is for all services rendered and to be rendered to and including the entry of the decree herein and distribution thereunder.

Proceed accordingly.