ANNA LAWRIW, Respondent, *v.* CITY OF ROCHESTER, Appellant.

Fourth Department, June 30, 1961.

14

*Harris, Beach, Keating, Wilcox, Dale & Linowitz (Henry W. Williams, Jr.,* of counsel), for appellant.

*Milo Thomas* for respondent.

HALPERN, J. Alexander Lawriw and Rose Lawriw, his wife, owned a parcel of real property as tenants by the entirety. They had a son and a daughter. On January 24, 1950, the husband executed and delivered a warranty deed purporting to convey to the son the entire fee in the premises. On July 5, 1950, the wife executed and delivered a warranty deed purporting to convey to the daughter "her undivided one-half interest" in the premises, subject however "to a life tenancy by the party of the first part".

The wife died first and shortly thereafter the husband died. The husband's grantee then conveyed the property to the defendant, the City of Rochester. The daughter brought this

action to establish that she was the owner of an undivided one-half interest in the property.

Both parties moved for summary judgment and the Special Term granted the motion of the plaintiff and denied that of the defendant. The Special Term in substance held that whenever two tenants by the entirety convey their respective interests by separate conveyances to different grantees, the tenancy by the entirety is terminated and the grantees take as tenants in common. This conclusion, in our opinion, was erroneous.

The rules of law governing tenancies by the entirety are of ancient origin and have remained unchanged up to the present time. One tenant by the entirety cannot sever the tenancy or convert it into a tenancy in common by unilateral action. A tenancy by the entirety can be terminated by partition of the property or converted into a tenancy in common, only by the consent of both tenants. When one tenant by the entirety conveys his interest in the property, the characteristics of the tenancy, including the right of the survivor to take the whole fee, remain unimpaired. The grantee becomes a tenant in common with the spouse of the grantor, so far as the right to possession and the right to share in rents and profits are concerned, but the title is still deemed to be held by the entirety. The grantee may ultimately obtain the whole fee, if his grantor survives, but his interest in the property may be completely extinguished, if the other spouse survives (*Hiles* v. *Fisher,* 144 N. Y. 306; *Finnegan* v. *Humes,* 252 App. Div. 385, affd. 277 N. Y. 682).

The same rules must be applied when there are two conveyances, one by each of the tenants by the entirety, to different grantees. Each grantee takes a right to share possession and profits but, so far as the ultimate title is concerned, the right of each depends upon the order in which the grantors die. In the present case, the husband having survived the wife, his grantee became entitled to the whole fee and his subsequent deed to the defendant conveyed the whole fee to the defendant.

The Special Term reached the contrary conclusion, apparently upon the theory that a tenancy by the entirety could not exist after both tenants had conveyed their respective interests, even though they had done so by separate deeds to different grantees. We can find no basis in the principles of law governing tenancies by the entirety for this view.

It may well be that, if there had been a common intention on the part of the tenants by the entirety to terminate the tenancy and to create a tenancy in common in their respective grantees, this intent would be given effect, even though each one's interest

had been conveyed by a separate deed. But such an intention is not to be inferred merely from the fact that each of the tenants by the entirety had separately conveyed. There was no showing in this case of a common plan or scheme pursuant to which the two deeds were delivered; nor was there a showing in any other way of a common intention on the part of the tenants by the entirety to convert their estate into a tenancy in common.

In fact, the form of the first conveyance, that of the husband to the son, negatives any intention to create a tenancy in common and to vest in the son the ownership of an undivided one-half interest. The deed purported to convey the whole fee and the grantor warranted the title; it must be assumed that it was the intention of the grantor to give the grantee the benefit of the possibility of his taking the fee in the event that the grantor survived his spouse. The subsequent deed by the wife purported to convey an undivided one-half interest but this conveyance was made subject to a life tenancy in the grantor; it is difficult to draw any inference as to the intention of the grantor from this curious conveyance (cf. *Karp* v. *Karp*, 2 A D 2d 796). Even if it is assumed that the wife desired to convert the tenancy by the entirety into a tenancy in common, that intent was not shared by her husband and she could not by her own act cut off the rights of her husband's grantee (*Secrist* v. *Secrist*, 284 App. Div. 331, affd. 308 N. Y. 750).

The order appealed from should be reversed and the plaintiff's motion for summary judgment should be denied and the defendant's motion for summary judgment should be granted.

All concur. Present — WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously reversed on the law and facts, without costs of this appeal to either party and defendant's motion granted, without costs, and entry of judgment directed declaring that the defendant, City of Rochester, was the owner in fee simple of the property in question.