Joseph M. Conroy, J.
On November 25,1947, Jerome Kutick, the petitioner herein, was appointed committee of the person and property of Helen Kutick, his then wife, who had been a patient at Creedmoor State Hospital since 1944, and from 1957 has been confined at Kings Park State Hospital. He has continuously acted as committee since his appointment.
Among the assets of the incompetent upon her adjudication in 1947 was an interest in a parcel of real estate at Whitestone, New York, title to which had been taken by the petitioner and his wife, as tenants by the entirety, by deed dated October 10, 1930.
On July 2, 1948, petitioner obtained an interlocutory decree in this court, annulling his marriage to the incompetent on the ground of incurable insanity, under the provisions of the Domestic Relations Law of this State, which decree became final as of course on October 4,1948.
On November 16, 1960, petitioner as committee contracted with himself, individually, to purchase the incompetent’s interest in the real estate for $8,000, and has petitioned the court, in an appropriate proceeding, for the approval of that contract. As provided for under the practice, the court appointed a Referee to hear and report, and an appraiser to make an appraisal of the property. The Referee conducted a hearing at which the petitioner and the appraiser testified, and has made and filed his report.
The petitioner now moves (a) for the confirmation of the report; (b) for a determination of the interest of the incompetent in the real estate; (c) to allow petitioner’s claim in the amount of one half of $3,360, claimed to have been paid by him to satisfy a mortgage on the premises. A special guardian has been appointed by this court to protect the rights and interests of the incompetent in the proceeding.
The Referee has recommended the approval of the contract. The appraiser has placed a value of $18,000 on the whole property, but finds the fractional interest of the incompetent to be worth only $7,200. He leaves to the court the determination as to the incompetent’s estate in the property, and the claim of the petitioner for contribution. At a further hearing before the court on January 15, 1962, petitioner offered convincing testimony and proof that the mortgage balance on July 2, 1948, the date of the interlocutory decree of annulment, was $3,360 and the mortgage was paid by him in full by October, 1952.
*582 The special guardian contends that the annullment of the marriage did not result in the creation of a tenancy in common as to the real property. Petitioner argues that the annulment terminated the tenancy by the entirety, and resulted in a tenancy in common. The special guardian further submits that there is no absolute necessity for a sale at this time, nor need to subject the incompetent to a “ discount ” on the total value of $18,000 placed on the entire property by the appraiser.
He further comments that there is no necessity for this court to determine that a tenancy in common exists, for the reason that by a conveyance of his former wife’s right, title and interest, the petitioner would acquire all interest of any kind she may now hold. However, section 1399 of the Civil Practice Act provides that the proceeds of the sale of an incompetent’s interest in real estate are to be deemed property of the same nature as the estate or interest sold. Should the incompetent’s interest herein be held to be by the entirety, a proper procedure upon the sale would require a deposit of the full value of the property, namely $18,000, to be held subject to court order, in the names of the petitioner and the incompetent, through her committee, the survivor to take all. On the other hand, should this be a tenancy in common, the incompetent would take her share absolutely and immediately, without survivorship rights in either party. We are concerned herein with the rights of the parties in the proceeds of the sale, rather than with the title to be acquired 'by the grantee.
A tenancy by the entirety is founded upon the marital relationship and the legal theory of the absolute oneness of husband and wife. When that unity is broken, and the husband and wife again become “ two separate persons ” by a valid, recognized decree of a court of competent jurisdiction, that tenancy can no longer continue. There is no doubt that in this State a decree of divorce converts a tenancy by the entirety into a tenancy in common. (Stelz v. Schreck, 128 N. Y. 263.) Does a decree based upon five years of incurable insanity, as in this case, have the same effect? Certainly, upon the decree becoming final on October 4, 1948, there was no longer a unity or oneness in existence, and the very basis of the tenancy by the entirety being absent, the estate could not continue. Thus, from that date on, the incompetent’s interest was that of a tenant in common with equal shares.
Any expenditures made after that date would be subject to the equitable rules commonly applied to a tenancy in common, and petitioner should be allowed credit for one half of the payments made by him in reduction of the mortgage debt. His *583 claim is, therefore, allowed as to payments made after October 4, 1948.
The appraiser herein, as previously stated, placed a value of $18,000 upon the entire property. His finding of a value of the incompetent’s interest at $7,200 is based, in his words, upon ‘ ‘ the one-half interest of the incompetent normally being worth $9,000, depreciated for lack of control would indicate that the reasonable value of the incompetent’s share of this property would be the net sum of $7,200.00 ”. This is a 20% depreciation or “ discount ” and may well be customary in a sale made to a stranger to the title. Here, the committee, who is the former husband and co-owner, is the purchaser, and the court sees no valid reason for such “ discount ”.
The Referee’s report will be confirmed and the contract approved upon condition that the purchase price be increased to $9,000, and that the contract be so amended. The committee is authorized to execute and deliver a deed to the incompetent’s right, title and interest, upon the purchaser complying with the terms and conditions of the contract, as amended, on his part to be performed. His claim for contribution is allowed as hereinbefore indicated.