Clare J. Hoyt, J.
Plaintiff husband’s action for separation was dismissed at the close of the plaintiff’s case. However the court still has before it defendant wife’s application for alimony and counsel fees and plaintiff’s application for a sale of the marital home, owned by the parties as tenants by the entirety, and for a division of the household furnishings.
Although the precise issue presented by defendant’s application, that is, whether a wife who seeks no affirmative relief in a matrimonial action but simply successfully defends against an action by her husband is entitled to an award of permanent alimony, has not been decided, it is clear that section 236 of the Domestic Relations Law confers upon the court the power to make such an award “ as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” (Cf. Brownstein v. Brownstein, 25 A D 2d 205.)
The testimony adduced at the trial has convinced the court that it is not practical for these parties to reside together and that plaintiff will not adequately and voluntarily support his wife. Thus in the interest of justice, provision must be made for the wife’s support. She is a competent seamstress, but she has not been employed for some period of time and she is reaching the age where such employment, if it were her principal source of sustenance, might be unduly burdensome. Her husband is a businessman and the joint owner of one half of the stock of a corporation that was formed in 1958 to succeed a partnership begun in 1950 with the other stockholder. Pertinent parts of the corporate balance sheets and profit and loss statements were read in evidence. They show, for the years 1962, 1963, 1964 and 1965, annual salaries to plaintiff of approximately $7,000 per annum and undivided profits aggregating $28,000 for plaintiff’s account during these years. The corporation’s 1965 balance sheet reflects a capital and surplus account of $41,051.87, making plaintiff’s share $20,525.94. Plaintiff testified that his only other asset was the marital home. It has been listed for sale and an offer of $32,500 has been received. The listing broker testified that this was a fair price for the property. The home is incumbered by a mortgage of approximately $18,000. Plaintiff’s average annual income after taxes, according to his testimony, is $7,300. He stated that his current living expenses are approximately $310 per month excluding the sums he pays to his wife and for home mortgage payments. The wife claims that she requires $200 per month for her personal needs and an additional $300 per month for the carrying costs of the house. She was awarded exclusive *734 possession of the house, pendente lite, by prior order of this court. The mortgage, insurance and tax payments amount to approximately $210 per month which the husband has been paying pursuant to such order and he has also paid the wife $30 per week alimony, pendente lite.
The court finds that an award of $350 per month to the wife for permanent alimony is sufficient. This shall be the husband’s sole obligation and the wife shall make complete provision for herself from this sum and such other sums as she may acquire and earn.
An award to the wife for counsel fees of $1,500 is also made, with a credit to be set off against such sum in the amount of $250 for counsel fees awarded pendente lite. This sum so awarded shall include all services to be rendered by the wife’s attorney in connection with the sale and transfer of the marital home.
Section 234 of the Domestic Relations Law empowers the court to determine title questions and to make directions concerning the possession of property in a matrimonial action. Although there is no express authority to order the sale of real property owned by the parties as tenants by the entirety, such authority is implicit in the broad powers given the court under article 13 of the Domestic Relations Law to determine title and direct possession and the broad powers given the court to resolve the marital disputes in one action and to make unnecessary further litigation between the parties arising from their marriage. Any other construction would unduly restrict the court in the resolution of the problems occasioned by marital discord. Surely, if the court finds, as it does here (1) that neither party is entitled to exclusive possession of the marital home, (2) that it is impractical to expect the parties to live together, and (3) that the carrying charges on the marital home when added to the sums that should be paid to the wife for her support would exceed the husband’s ability to pay, the court should be able to direct a sale of the marital home. Such a direction is made in this matter and the court further directs that the net proceeds of the sale shall be divided equally among the parties. If they are unable to agree on a sale price, further application may be made to the court for approval of any proposed sale.
Finally, the household furnishings shall also be divided equally between the parties. If they are unable to reach agreement on such division, further application may be made to the court.