572

■ HERBERT J. CAPLAN, Appellant, v. MARYANN CAPLAN, Respondent.— In an action for divorce, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, dated April 20, 1971 and made after a nonjury trial, as dismissed the complaint, granted defendant a separation (upon a counterclaim), awarded defendant exclusive occupancy of the marital home and directed plaintiff to pay certain charges and expenses relating to the home, and further directed plaintiff to make certain payments as alimony, for support of the infant issue of the parties and for certain counsel fees. Judgment modified, on the law and the facts and in the exercise of discretion, by (1) deleting therefrom the award of a $500 counsel fee to defendant's former attorneys, Taylor, Atkins & Ostrow, Esqs.; (2) adding thereto a provision that the marital home be sold by May 1, 1972, with the sale to be subject to court approval and that the proceeds of the sale be divided equally between plaintiff and defendant; and (3) striking therefrom the tenth decretal paragraph and providing, in lieu thereof, that, upon the sale or defendant's earlier removal from the home, the alimony payable to defendant shall be increased by the sum of $80 a week. As so modified, judgment affirmed insofar as appealed from, without costs. On this record we believe it was an improvident exercise of discretion to give the wife exclusive possession of the marital home, owned by the entirety, with the husband paying all maintenance charges, and without any provision for its sale and division of the proceeds. In light of all the circumstances here present, we believe it preferable and fair to direct a sale of the home, with equal division of the proceeds, and with an increase of $80 per week in the wife's alimony to cover the expense of other housing for her and the parties' child when she moves out of the marital home (cf. *Pearson* v. *Pearson*, 34 A D 2d 797). With respect to the allowance of a $500 fee for the wife's former counsel, we believe it was beyond the trial court's jurisdiction, as that counsel never represented the wife in this action and the question of any fee for the services rendered to her was not an issue in this case but a matter to be resolved in an independent action or proceeding. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

■ ABRAHAM FERRELL et al., Respondents, v. B & H EQUIPMENT CORP. et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an interlocutory judgment of the Supreme Court, Queens County, entered April 21, 1971, against them and in favor of plaintiff, upon the trial court's direction of a verdict after a jury trial on the issues of liability only. Interlocutory judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. In our opinion, the trial court invaded the province of the jury in directing a verdict for plaintiff against all defendants. From the evidence at the trial, the facts surrounding the happening of the accident were in dispute and the determination thereof depended in great part upon the credibility of the witnesses. The issues should have been resolved by the triers of the facts, not the court (*Sadowski* v. *Long Is. R. R. Co.*, 292 N. Y. 448, 454–455). Rabin, P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.