ARTHUR H. WAGES, Respondent, v. ARLENE J. WAGES, Appellant.— In this action for separation, defendant-wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, entered September 13, 1971 after a nonjury trial, denying plaintiff the relief sought by him, as directed that the marital home of the parties be sold, with distribution of the proceeds to be determined in a postjudgment application. Judgment

affirmed insofar as appealed from, without costs. In our opinion, the Special Term, under the circumstances of this case, had the power to direct the sale of the marital home and to provide for ultimate division of the proceeds of the sale (Domestic Relations Law, § 234; *Pearson* v. *Pearson,* 34 A D 2d 797, mot. for lv. to app. den. 27 N Y 2d 486; *Caplan* v. *Caplan,* 38 A D 2d 572; *Field* v. *Field,* 50 Misc 2d 732). Further, we note that in connection with the support allowance to cover living expenses of defendant and the parties' adopted infant son, additional to the the upkeep of the home pending the sale thereof, the Special Term (a) specifically has authorized defendant to apply for increased support payments once the marital home is sold and (b) has reserved the final fixation of the support payments pending defendant's cooperation in the sale. As a court of equity, it can mold the appropriate relief to arrive at an equitable determination according to the exigencies of the case (*Matter of Galewitz,* 3 A D 2d 280, 285, affd. 5 N Y 2d 721). Concerning the discretion exercised by the Special Term in this matter, we note that (a) defendant through her attorney during the course of the trial admitted that the realities of the situation called for the sale of the home; (b) defendant had then consented to the sale; and (c) the infant adopted child is a ward of the court, and the Special Term specifically found that for the child's benefit it was advisable that the home be sold so that plaintiff, an adoptive parent, might adequately continue to support the child as well as defendant and himself. We find no abuse of discretion by the Special Term. The judgment should not be disturbed (*Pearson* v. *Pearson,* 34 A D 2d 797, *supra; Caplan* v. *Caplan,* 38 A D 2d 572, *supra*). Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.