■ ALFRED KAHN, Appellant, v MIRIAM KAHN, Respondent.—In a matrimonial action in which the plaintiff husband seeks a divorce and a direction that the jointly owned marital premises be sold, he appeals from (1) a judgment of the Supreme Court, Westchester County, dated January 16, 1976, which, after a nonjury trial, *inter alia,* (a) dismissed the complaint, (b) denied his application to direct that the marital premises be sold, (c) awarded defendant a certain sum "for her support and 'necessaries' during the period from the commencement of the separation of the parties to the date of trial" and (d) directed him to pay a certain sum to defendant as her share of the former joint savings and checking accounts and (2) an order of the same court, dated January 23, 1976, which denied his motion which, in effect, was for reargument. Appeal from the order dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Judgment modified, on the law and the facts, by (1) reducing the amount awarded in the second decretal paragraph thereof, which represents defendant's share in the former joint savings and checking accounts, by the sum of $3,374.43, (2) reducing the amount awarded in the fourth decretal paragraph thereof, which was for prior "support and 'necessaries' ", to $15,000, (3) adding to the first decretal paragraph thereof, immediately after the words "complaint be and the same hereby is dismissed", the following: "except insofar as it seeks a direction that the marital premises be sold", (4) deleting the seventh decretal paragraph thereof and substituting therefor a provision that the marital premises shall be sold and (5) adding to the eighth, ninth and tenth decretal paragraphs thereof a provision to the effect that the directions contained in each of the aforesaid paragraphs shall continue until the house is sold. As so modified, judgment affirmed, without costs or disbursements, and action remitted to Special Term for further proceedings not inconsistent herewith. Plaintiff has not proved such marital misconduct on behalf of defendant as would constitute cruel and inhuman treatment (see *Hessen v Hessen,* 33 NY2d 406). Furthermore, in view of the fact that plaintiff sought the divorce, prepared for it by withdrawing the funds on deposit in the bank accounts and withheld support after September, 1974, we see no reason to charge defendant with any part of her counsel fees. The marital home should be sold since there has been no demonstration of defendant's need to live in a nine-room house in Scarsdale and there are no signs of an imminent reconciliation of the parties (see *Ripp*

*v Ripp,* 38 AD2d 65, 69–70, affd 32 NY2d 755; *Caplan v Caplan,* 38 AD2d 572). The proceeds should be distributed according to findings of fact which shall be made as to the parties' respective equities in the property. Defendant's share of the funds in the bank accounts should be reduced, as indicated above, to reflect the funds in plaintiff's individual checking account which were transferred from the parties' savings accounts and, therefore, were counted twice. Under the circumstances of this case, the award for prior support and necessaries should be reduced to $15,000. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.