OPINION OF THE COURT
Jasen, J.
Appellant wife and respondent husband have been married since 1949. Respondent brought the present action for divorce on the ground of cruel and inhuman treatment. Appellant counterclaimed for a separation, for a share of jointly held bank accounts, and for payment of necessaries, support and counsel fees. During trial, the counterclaim for a separation was withdrawn.
Special Term dismissed respondent’s complaint and awarded appellant: (1) sole and exclusive possession of the marital home; (2) her interest in the jointly held bank accounts—an amount determined to be $22,058.89; and (3) payment for support and necessaries accruing from separation until the date of trial—a sum determined to be $30,188.
On appeal, the Appellate Division, although affirming the dismissal of respondent’s complaint, ordered that the marital premises be sold and the proceeds from the sale be divided according to the parties’ respective equities in the property. It also modified the judgment rendered by Special Term by reducing appellant’s share of the jointly held bank accounts by $3,374.43 and by reducing the award for necessaries and support to $15,000.
The principal issue presented on this appeal is whether, in a matrimonial action, a court may order the sale of real property held by the parties as tenants by the entirety, even though the marital relationship has not been legally altered.
At common law husband and wife were incapable of holding property as joint tenants or tenants in common. (Barber v Harris, 15 Wend 615, 617.) In contemplation of the law, husband and wife were but one person. (Matter of Klatzl, 216 NY 83, 85.) Thus, a conveyance to them by name was a conveyance to only one person. (Stelz v Shreck, 128 NY 263, *207 266; 15 NY Jur, Domestic Relations, § 145.) Because of the marital relationship they were said to be seized of the estate in its entirety: each being seized of the whole rather than of any undivided portion. (Bertles v Nunan, 92 NY 152, 156; Stelz v Shreck, 128 NY, at p 266, supra; Hiles v Fisher, 144 NY 306, 312; 15 NY Jur, Domestic Relations, § 145.) At death, the survivor took the estate not because of a right of survivor-ship, but because the survivor remained seized of the whole. (Bertles v Nunan, 92 NY, at p 156, supra; Jackson v McConnell, 19 Wend 175, 178; Stelz v Shreck, 128 NY, at p 266, supra.)
The common law soon recognized that in addition to death a legal dissolution of the unity of husband and wife would necessarily affect the continuing validity of a tenancy by the entirety. In holding that an absolute divorce terminates a tenancy by the entirety, Judge Peckham observed: "When the idea upon which the creation of an estate by the entirety depends is considered, it seems to me much the more logical as well as plausible view to say that as the estate is founded upon the unity of husband and wife, and it never would exist in the first place but for such unity; anything that terminates the legal fiction of the unity of two separate persons ought to have an effect upon the estate whose creation depended upon such unity.” (Stelz v Shreck, 128 NY, at p 267, supra.)
Upon termination of a tenancy by the entirety through divorce, the parties become tenants in common. (Stelz v Shreck, 128 NY, at p 267, supra; see, generally, 15 NY Jur, Domestic Relations, § 169; 41 Am Jur 2d, Husband and Wife, § 106.) Since an annulment also alters the legal relationship between husband and wife, it has also been held to result in a conversion of a tenancy by the entirety into a tenancy in common. (Matter of Kutick, 33 Misc 2d 580; 15 NY Jur, Domestic Relations, § 169.) Where, however, husband and wife separate without the aid of a judicial decree, they remain one legal person; and, therefore, they continue to own property acquired as tenants by the entirety just as they did prior to their separation. (See O’Connor v McMahon, 54 Hun 66, 70; 168 ALR 260.)
In 1962 our Legislature enacted section 234 of the Domestic Relations Law which provides in pertinent part: "In any action for divorce, for a separation, for an annulment or to declare the nullity of a void marriage, the court may (1) determine any question as to the title to property arising *208 between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties.” (L 1962, ch 313, § 10, as amd by L 1963, ch 685, § 5.)
Section 234 of the Domestic Relations Law was derived from section 1164-a of the Civil Practice Act (L 1953, ch 698). Unlike the present section, section 1164-a applied only in an action for a separation and made no reference to title questions. Its sole purpose was to allow a court to decide in the marital action the right of possession of real property held by the husband and wife as tenants by the entirety. Recognizing that a judgment of separation does not dissolve the marriage and terminate a tenancy by the entirety, the Legislature sought to prevent any injustice which might arise as a result of a spouse’s continued rights as a tenant by the entirety notwithstanding a judicial decree of separation. For example, a tenant by the entirety may sell, mortgage or lease his interest in the property without consent of the other tenant. The Legislature feared the obvious harm which could be caused by a vindictive spouse who transferred or encumbered his interest in the property in an attempt to harass the other spouse. (See 1953 Report of NY Law Rev Comm, pp 485-486.)
In addition to the prevention of harm by a vindictive spouse, section 1164-a was also enacted to overcome a procedural hurdle. Prior to this section, no authority existed to permit a court to adjudicate a real property right in a marital action. Section 1164-a was enacted to provide the specific statutory authority authorizing such an adjudication. (See 1953 Report of NY Law Rev Comm, pp 485-486.)
In 1962, the provisions of section 1164-a were transferred from the Civil Practice Act to the Domestic Relations Law. (L 1962, ch 313, § 10, as amd by L 1963, ch 685, § 5.) Contemporaneous with this transfer, the Legislature amended section 234 to permit a court in an action for divorce, annulment or declaration of the nullity of a void marriage, as well as in an action for a separation, to make a direction concerning possession of property and to determine any question of title to property arising between the parties. The principle reason for this amendment was to "make it unnecessary to bring a separate action or proceeding to determine questions relating to who has title to the property.” (Siegel, Practice Commenta *209 ries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations, § 234, p 123 [1964].)
Although section 234 empowers a court to make a direction concerning possession of property, "as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties”, the legislative history makes clear that the court may exercise its discretion only with regard to questions of possession. "[T]he determination of title questions [is] to be controlled by principles of property law.” (1963 Report of Joint Legislative Committee on Matrimonial and Family Laws, NY Legis Doc, No. 34, 1963, pp 84-85; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations, § 234, p 125 [1964]; 18 CarmodyWait 2d, NY Prac, Absolute Divorce, § 114:173, pp 640-641.)
Thus, the legislative history surrounding section 234 indicates clearly that the Legislature did not intend to alter existing substantive property law principles in enacting this section. Its essential purpose was procedural: to permit a court in a marital action to resolve disputes involving possession and title to property arising as an incident to the marital action.
In the case before us, the trial court dismissed respondent’s cause of action for a divorce. Although appellant counterclaimed for a separation, she withdrew her claim during the trial. Since the parties have not separated in conformance with a judicial decree, the marriage relationship has not been altered; the parties remain husband and wife in contemplation of the law. Consequently, under existing principles of property law, the tenancy by the entirety in which the parties own their marital home has not been terminated.
Ripp v Ripp (32 NY2d 755, affg 38 AD2d 65) is not to the contrary. There, the Appellate Division held that a divorce decree which awarded exclusive possession of the marital home to one of the parties constituted a bar, absent a modification of the decree, to a subsequent action for partition of the marital home owned by the parties as tenants by the entirety. The court recognized that to allow an action for partition would frustrate the legislative purpose behind the enactment of section 234—i.e., to allow the marital court to determine in that action who should be awarded exclusive possession of the marital home. (38 AD2d, at p 67, supra.)
Plaintiff directs the court’s attention to a number of decisions which he contends support the Appellate Division’s *210 order compelling the sale of the marital premises. (See, e.g., Caplan v Caplan, 38 AD2d 572; Pearson v Pearson, 34 AD2d 797, mot for lv to app den 27 NY2d 486.) In each of these cases, however, a separation was granted to one of the parties. Although a separation decree does not dissolve the marriage, it can be argued that such a decree does legally alter the marital relationship and, thus, terminates a tenancy by the entirety enabling a court to order the sale of a home now owned by the parties as tenants in common.
 Prior to the order of the Appellate Division in the present case, only two courts have ordered the sale of a marital home owned by the parties as tenants by the entirety, notwithstanding the absence of a judicial decree which, at the very least, altered the marital relationship by granting one of the parties a separation. (See Wages v Wages, 38 AD2d 968; Field v Field, 50 Misc 2d 732.) Absent such a decree, however, we believe that a tenancy by the entirety is not terminated. Since section 234 was intended only as a procedural device to permit a court in a marital action to determine questions of possession and title arising within that action, and was not intended to alter existing substantive property law principles, we hold that unless a court alters the legal relationship of husband and wife by granting a divorce, an annulment, a separation or by declaring a void marriage a nullity, it has no authority to order the sale of a marital home owned by the parties as tenants by the entirety.
Appellant also alleges that the Appellate Division erred in reducing the award for necessaries and support granted by the trial court to $15,000. The basis of the alleged error lies in the fact that although the Appellate Division stated that its modification was on the law and the facts, it did not set forth any new findings of fact. Instead, the Appellate Division stated only that "[u]nder the circumstances of this case, the award for prior support and necessaries should be reduced to $15,000.” (55 AD2d 638, 639.)
 Whenever the Appellate Division modifies a trial court determination stating that its modification is on the law and the facts, it must specify the findings of fact modified and set forth any new findings of fact that it makes with the same particularity as did the trial court. (CPLR 5712, subd [c], par 2.) However, it need not do so where its modification is based upon an exercise of discretion. Here, the Appellate Division did consider the facts as found by the trial court, but elected *211 to modify and set forth a new ultimate finding of fact—viz., that appellant was entitled to $15,000 rather than $30,188 for support and necessaries. Since the Appellate Division modified the award "upon the circumstances of this case”, it must be said that it did so in its discretion. For this reason, findings of fact upon which the ultimate award was calculated were not necessarily modified and need not have been specifically referred to by the Appellate Division. Because it is clear that the Appellate Division did consider the facts found by the trial court, but modified the ultimate award in its discretion, there is no need to reverse and remit to the Appellate Division to make new findings of fact.
Finally, appellant also contends that the Appellate Division erred in reducing her share of the jointly held bank accounts by $3,374.43. With this contention we are in agreement. At the time of the parties’ separation, they maintained a number of jointly held accounts in various banks. In reducing appellant’s share of these accounts, the Appellate Division erroneously concluded that the funds deposited in a checking account in Chemical Bank had been counted twice by the trial court in determining appellant’s share.
Respondent testified that contemporaneous with the parties’ separation in August of 1973, he closed a joint checking account which the parties maintained at First National City Bank. Prior to the formal closing of the account, however, respondent transferred the contents of the account he opened in his own name in First National City Bank. Dissatisfied with First National City’s service, respondent opened an account in his own name at Chemical Bank and transferred these same funds to that account.
It is these funds which the Appellate Division concluded had been counted twice by the trial court in determining appellant’s share of the parties’ joint accounts. We cannot agree with this conclusion. Nothing in the record would indicate that the funds formerly located in the account in First National City were included in the trial court’s calculations. In fact, the trial court specifically listed each account which it included as an account jointly held by the parties at the date of their separation; the First National City account is absent from this list. Consequently, when the trial court included in its calculations the funds deposited in the account opened by respondent in Chemical Bank, it took into consider *212 ation for the first, and only time, the funds deposited in that account.
Accordingly, the order of the Appellate Division should be reversed in so much as it directed that the marital premises be sold and reduced appellant’s share of the joint bank accounts by $3,374.43, and as so modified, is affirmed, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.