NAN E. SCHILLER, Appellant, v P. WILSON SCHILLER, Respondent, et al., Defendant.

Third Department, April 30, 1981

APPEARANCES OF COUNSEL

*Donald E. Egan, Jr.*, for appellant.
*Thomas L. Knaphle* for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

The facts are not in dispute. P. Wilson Schiller and Mary Schiller were married in 1946, and in 1965 they acquired title to a residence in Broome County as tenants by the entirety. On January 5, 1978 they executed a separation agreement which provided, *inter alia*, that Mary Schiller would have exclusive possession of the marital residence until she wanted the residence sold or she remarried or she occupied the house with another man. The agreement further provided that if the residence were sold they would each receive one half of the net proceeds.

Mary Schiller died on June 22, 1979 before any decree of divorce or separation was entered. P. Wilson Schiller and Mary Schiller had two children and under Mary Schiller's will the children were residuary beneficiaries. The daughter, plaintiff in this case, brought an action in

partition against her sibling and her father, P. Wilson Schiller, seeking to be declared the owner in fee of an undivided one-fourth interest in the residence.

Defendants moved for summary judgment dismissing the complaint. Special Term granted the motion and this appeal ensued.

The sole issue for our review is whether the separation agreement entered into by the Schillers converted the tenancy by the entirety into a tenancy in common thereby allowing plaintiff, daughter of the deceased cotenant, to bring an action in partition to obtain an undivided one-fourth interest in the property as an heir of a tenant in common.

It is well established that where property is held in a tenancy by the entirety and one of the spouses dies, the surviving spouse takes the entire estate *(Kahn v Kahn,* 43 NY2d 203, 207). Equally clear is that absent death of the husband or wife, a conveyance joined in by both spouses, a judicial decree of separation, annulment or divorce, or an instrument in writing that satisfies the provisions of section 3-309 of the General Obligations Law which permits partition or division of a tenancy by the entirety if clearly expressed in such instrument, the tenancy by the entirety continues unaffected by an agreement to separate *(Kahn v Kahn, supra;* see, also, *Lawriw v City of Rochester,* 14 AD2d 13, affd 11 NY2d 759; 15 NY Jur, Domestic Relations, § 159 *et seq.).*

Thus, the separation agreement alone did not legally alter the nature of the fee of the Schillers in the marital residence (cf. *Kahn v Kahn, supra).* Consequently, the tenancy by the entirety remained intact and the marital residence devolved to the defendant P. Wilson Schiller in fee simple absolute. Accordingly, plaintiff has no interest in the property and her action in partition was properly dismissed by Special Term.

The order should be affirmed, with costs.

SWEENEY, KANE, CASEY and WEISS, JJ., concur.

Order affirmed, with costs.