OPINION OF THE COURT
Norman J. Wolf, Jr., J.
Plaintiff has moved this court for summary judgment upon the ground that there are no disputed issues of fact. Defendants have cross-moved to remove this action to the Surrogate’s Court.
Plaintiff and the deceased, Marie Petrucci, were married in 1951. On July 22, 1960, they took title as husband and wife to a home located at 212 Davey Street. After trial, this court awarded Mrs. Petrucci a judgment of separation wherein the court did not make a declaration of title, but rather ordered: “that the Plaintiff shall have exclusive use of the marital residence until June of 1982, at which time the residence may be sold and the proceeds held in escrow pending a determination of the equitable distribution thereof.” No appeal was taken.
The parties were never divorced and Mrs. Petrucci remained in exclusive occupancy until her death on May 9, 1983. Sandra Petrucci filed a petition in Surrogate’s Court on June 15, 1983, seeking appointment as administratrix of her mother’s estate. Her petition indicated that the property was owned as tenants in common. There was correspondence with the Surrogate’s Court but before any *926 action was taken by that court, the instant declaratory judgment action was commenced. Because of this court’s prior involvement in this case, this court feels it is the appropriate forum to render a decision and denies defendants’ motion to transfer this action to Surrogate’s Court.
The single issue before this court is whether a judicial decree of separation terminates a tenancy by the entirety and converts it into a tenancy in common. Courts have previously determined that both a divorce and an annulment terminate a tenancy by the entirety. (Stelz v Schreck, 128 NY 263, 267; Matter of Kutick, 33 Misc 2d 580.) In 1977, the Court of Appeals determined that where there is a separation without the aid of a judicial decree, the husband and wife remain tenants by the entirety. (Kahn v Kahn, 43 NY2d 203.)
Former section 1164-a of the Civil Practice Act permitted a court to award possession of real property held by a husband and wife as tenants by the entirety. “Recognizing that a judgment of separation does not dissolve the marriage and terminate a tenancy by the entirety, the Legislature sought to prevent any injustice which might arise as a result of a spouse’s continued rights as a tenant by the entirety notwithstanding a judicial decree of separation.” (Kahn v Kahn, 43 NY2d 203, 208.)
Section 234 of the Domestic Relations Law, which derived from former section 1164-a of the Civil Practice Act, now empowers a court in an action for a separation to: “(1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires”.
The framers of section 234 did not intend to change the existing property law: “the determination of title questions will continue to be controlled by principles of property law.” (1963 Report of Joint Legislative Committee on Matrimonial and Family Laws, NY Leg Doc, No. 34, 1963, p 85.) The purpose, as recognized by the Kahn court, was procedural, not substantive.
The general rule in most jurisdictions is that a divorce a mensa et thoro, a judicial separation, does not destroy an estate held by the entirety. (1 Foster and Freed, Law and *927 the Family, § 14.40, pp 672-673; 41 Am Jur 2d, Husband and Wife, § 107; Freeman v Belfer, 173 NC 581.) Nonetheless, prior to Kahn, the Second Department in Pearson v Pearson (34 AD2d 797, mot for lv to app den 27 NY2d 486), and Caplan v Caplan (38 AD2d 572), ordered the sale of real property owned as tenants by the entirety following a judicial separation. Interestingly, although the Caplan court described the property as “owned by the entirety”, it directed the sale in the exercise of its discretion.
Although Kahn (supra) did not involve a judicial separation, in obiter dictum it distinguished one from a nonjudicial separation. Faced with Pearson and Caplan (supra), the Kahn court did not declare such a sale erroneous, but rather stated, “Although a separation decree does not dissolve the marriage, it can be argued that such a decree does legally alter the marital relationship and, thus, terminates a tenancy by the entirety enabling a court to order the sale of a home now owned by the parties as tenants in common.” (Kahn v Kahn, 43 NY2d at p 210.) The court stated that “[ajbsent such a decree [of separation] we believe that a tenancy by the entirety is not terminated * * * unless a court alters the legal relationship of husband and wife by granting * * * an annulment * * * it has no authority to order the sale of a marital home owned by the parties as tenants by the entirety” (at p 210).
The implications of the language of Kahn (supra) are unavoidable: the legal separation of plaintiff and deceased created a tenancy in common and dissolved the tenancy by the entirety. (See, also, Schiller v Schiller, 80 AD2d 164.) This court could have ordered the sale of the home, but exercised its discretion to award exclusive possession to the deceased. The result of Kahn appears to be a new statement of the effects of a judicial decree of separation and this court is bound to so follow. Accordingly, plaintiff’s motion for summary judgment is denied and summary judgment shall be granted to defendants to the extent of declaring that 212 Davey Street was held by decedent and plaintiff as tenants in common.