■ In the Matter of the Estate of ANGELA VIOLI, Deceased. VINCENT D'ANTONI et al., Appellants; ANTHONY L. VIOLI, Respondent. — In a partition action by the coadministrators of the defendant's wife's estate to recover one half of the proceeds from the sale of the marital residence, plaintiffs appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated April 12, 1983, as granted defendant's motion for summary judgment, denied plaintiffs' cross motion for summary judgment, and dismissed plaintiffs' action. ¶ Order reversed insofar as appealed from, on the law, with costs payable by respondent personally, defendant's motion for summary judgment denied, plaintiffs' cross motion for summary judgment granted, and matter remitted to the Surrogate's Court, Richmond County, for further proceedings consistent herewith. ¶ On June 24, 1980, defendant and his now deceased wife entered into a separation agreement providing that, upon the sale of the marital residence, which they had purchased as tenants by the entirety, "the husband and wife shall equally divide the equity and any net profits". The agreement further provided for the "relinquishment of spousal rights" in that each party waived all rights "to share in the property of the estate of the other as a result of marriage". On August 20, 1981, the wife commenced an action for divorce and defendant chose not to contest that action. Before any further action was taken, however, the wife died intestate. Her parents, plaintiffs in this action, were appointed coadministrators of her estate. Defendant thereafter conveyed the marital home by bargain and sale deed. ¶ Plaintiffs are entitled to one half of the net proceeds of the sale of the house. Defendant's assertion that his survivorship rights preclude such a result is without merit. A tenancy by the entirety cannot be altered by the mere existence of a separation agreement (*Kahn v Kahn,* 43 NY2d 203). However, a provision within such agreement that in the event of a sale of the subject property, the proceeds are to be divided equally, does, of itself, alter the respective rights of survivorship. "In effect, each create[s] in favor of the other an equitable if not express lien on his or her share of the proceeds and upon his or her interest in the real property" which descends to the estate of the deceased spouse (*Matter of Price,* 56 Misc 2d 774, 776, affd 33 AD2d 732). In this connection, we note that the Surrogate's Court improperly relied upon the case of *Schiller v Schiller* (80 AD2d 164); there, the court held that a separation agreement containing a provision similar to that in the instant case did not convert a tenancy by the entirety to a tenancy in common so that the daughter of one of the deceased spouses could be an *owner in fee.* Questions of conversion and ownership exist separate and apart from those of entitlement to *proceeds*

from a sale. Therefore, plaintiffs' cross motion for summary judgment should have been granted. Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.