Meyer, J.
(dissenting). The separation agreement between Anthony and Angela Violi required that the marital dwelling be put on the market “3 years and 6 months from the execution of this Agreement” for sale at a price determined as provided in the agreement and sold to the first bona fide purchaser offering the market price, and that “the husband and wife shall equally divide the equity and any net profits”, and further provided that during the period prior to sale the wife was to have exclusive possession of the premises not under “a tenancy between the husband as landlord, and the wife, as tenant, but * * * as a licensee” (emphasis supplied). The holding of the majority ignores the effect of General Obligations Law § 3-309 in light of that express agreement. I, therefore, dissent.
General Obligations Law § 3-309 provides that “[hjusband and wife * * * may make partition or division of any real property held by them as * * * tenants by the entireties.” The right of plaintiffs to one half the proceeds of sale of the house arises not from any theory of equitable lien, as the Appellate Division held, but from the agreement of the parties made in contemplation of divorce, requiring that the dwelling be sold at a fixed time and an ascertainable price and the proceeds divided and changing the wife’s interest from that of a tenant by entirety in possession to a “licensee” of her husband, conditioned on her vacation of the premises on sale subject, however, to her receipt of one half of the proceeds. The contract considered in Matter of Maguire (251 App Div 337, affd 277 NY 527) was by the husband and wife with a third-party purchaser and contained no such indication of dissolution of the marriage and of the tenancy by the entirety. Likewise, Kahn v Kahn (43 NY2d 203) dealt not *398 with a separation agreement speaking specifically of the property held as tenants by the entirety but with whether a court awarding a separation was empowered by Domestic Relations Law § 234 to order the sale of such property.
Indeed, none of the cases cited by the majority except Schiller v Schiller (80 AD2d 164) and Sterns v Stevans (20 Misc 2d 417) considered General Obligations Law § 3-309 or concerned a separation agreement. The Schiller case is clearly distinguishable in that the agreement it involved contained no time limitation or other provision requiring that the residence be sold, only an agreement that if it was, the proceeds would be divided, and the Sterns case was a dispute between husband and wife concerning the payment of expenses on property owned by them as tenants by the entirety during the period between their execution of a separation agreement which fixed neither the time of nor the price at which the property was to be sold and the date of divorce.
Here, the effect of the separation agreement was to terminate the tenancy by the entirety, subject only to the wife’s right to occupy the property as a licensee until the mandated sale. Angela and Anthony thus made clear their intent that the tenancy by entirety between them be no longer continued and, the present contest being over whether Anthony should receive a windfall to the exclusion of Angela’s heirs, no public policy with respect to the protection of bona fide purchasers should play any part in our determination. To hold as does the majority that the agreement between them was ineffective to carry out their intent is to rewrite General Obligations Law § 3-309.
Chief Judge Wachtler and Judges Simons, Alexander and Boomer concur with Judge Kaye; Judge Meyer dissents and votes to affirm in a separate opinion in which Judge Jasen concurs; Judge Titone taking no part.
Order reversed, with costs, and order of the Surrogate’s Court, Richmond County, reinstated.