## JOHNSON v. RAYNER.

(Supreme Court, Appellate Division, First Department.   February 11, 1898.)

1. CORPORATIONS—DISSOLUTION—RECEIVER'S SALES—RATIFICATION.
   Where the receivers of an insolvent corporation, appointed in a proceeding for its voluntary dissolution, and acting under order of court, sold its property at public auction, on due notice to its creditors and stockholders, but the motion papers and proposed order were not served on the attorney general, even though this omission rendered the sale unauthorized, the court had inherent power to ratify it; and this was done when, on a subsequent motion for confirmation, made on notice to the attorney general, and on full disclosure of the facts, the court confirmed the sale.

2. SAME—ORDER OF SALE—ERROR CURED.
   Code Civ. Proc. § 2429 (Laws 1895, c. 175), providing that the court may, on notice to the attorney general, and the attorney general not objecting, relieve such a receiver "from any omission, defect, or default in any proceeding. * * * or in the giving of any, notice, * * * and may upon like notice confirm any act of a receiver," etc., completely covered the original infirmity in the first application, and the original order of sale was validated by the subsequent order of confirmation.

3. SAME—NOTICE OF SALE—CREDITORS.
   While, under section 2429, notice to the attorney general is mandatory, the additional provision for such further notice as the court shall direct to creditors and others interested as have already had notice is not mandatory, but is left to sound judicial discretion.

4. SAME—TITLE ACQUIRED BY PURCHASER—WHEN MARKETABLE.
   In an action by a purchaser of personal property to recover back moneys paid to the seller, on the ground of an alleged defect in the latter's title, it was alleged that the seller bought the property from the receivers of an insolvent corporation at public auction, and that he had agreed with a creditor of the corporation that, if the latter would not bid at the sale, he would see that his claim was paid.   The evidence of the agreement was vague and inconclusive, and there was no evidence that it was acted upon, and no proof of inadequacy of consideration in the auction sale, or of any complaint of that sale, or any effort to have it set aside.   Held, that defendant acquired a marketable title.

Action by James W. Johnson against Frederick W. Rayner to recover the sum of $1,000, which the plaintiff paid to the defendant under an agreement for the purchase of certain personal property. The plaintiff refused to complete the purchase, or to take the title offered by the defendant, on the ground that such title was defective and unmarketable.   The facts as to the defendant's title were these:   He purchased the property at a sale made by the receivers of a corporation known as the New York Bottling Company.   This company was insolvent, and a proceeding for its voluntary dissolution was instituted in this court.   The receivers were appointed in that proceeding upon the 11th day of February, 1897.   On the 5th day of the following March, an order was made at a special term authorizing the receivers to sell the property of the company (except its book accounts, bills, notes, and drafts), as an entirety, at public auction, on the 17th day of the same month.   This order provided for notice of the sale to all the creditors and stockholders of the company whose names and addresses were annexed to the original petition, and such notice was duly given.   The motion papers and the proposed order were not, however, served upon the attorney general, and this omission

constitutes the plaintiff's main objection to the defendant's title. Pursuant to the order of the 5th of March, the property was sold on the 17th day of the same month, and it was bid in by the defendant. On the 25th day of March, an order was made, upon notice to the attorney general, and upon the service on that officer of the original motion papers, approving and confirming the sale, and also directing the re-entry nunc pro tunc of the order of the 5th of March. Other facts are stated in the opinion. The trial justice dismissed the complaint, and directed the plaintiff's exceptions to be heard in the first instance at the appellate division. Exceptions overruled.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Charles E. Rushmore, for plaintiff.
John M. Bowers, for defendant.

BARRETT, J. Two objections are made to the defendant's title to the property in question: First, that it was sold by the receivers under an order granted without notice to the attorney general; second, that an agreement was made by the defendant with one Ruppert, a creditor of the corporation, that, if the latter would not bid at the sale, the defendant would see that his claim was paid.

We think it is an answer to the first objection that the sale was approved and confirmed by the court upon due notice to the attorney general, that officer not objecting to such approval and confirmation. Indeed, it is substantially conceded that, under a provision of the Code to which we will presently refer, this order would have sufficed to validate the sale, but for the fact that no notice of the application therefor was given to the creditors and stockholders of the corporation. These creditors and stockholders, however, had notice of the sale under the original order of the 5th of March, and it is not denied that this latter order was in all respects regular except for the failure to notify the attorney general of the application therefor. But even if we treat this original order as invalid when made, because of the omission referred to, it does not follow that the defendant's title was bad. Such a sale, even if made under an order in all respects valid, is always executory and conditional until it is approved and confirmed by the court. A purchaser at a sale made by a receiver, or a person otherwise contracting with such an officer, takes subject to such approval and confirmation. Attorney General v. Continental Life Ins. Co., 94 N. Y. 199. That, as was said in the case cited, is an implied condition of the sale or contract. It is the judicial act of approval and confirmation, which in the case of either a public or private sale completes the purchase and perfects the title, and which, in case of any other contract, consummates the bargain. Webster v. Trust Co., 80 Hun, 420, 30 N. Y. Supp. 357. Even though the receivers' original act here were unauthorized, the court has authority to ratify it; and that was done when, upon the full disclosure of the facts, the court approved of and confirmed the sale.

The receivers were officers of the court, and the property was in their hands as its agents. They held such property, not as mere cus-

todians, but for certain statutory purposes. For these purposes, title to the property was vested in them, and they represented the corporation and its creditors as fully as permanent receivers after final judgment of dissolution. Nealis v. Iron Co., 150 N. Y. 45, 44 N. E. 944. Under the statute, the court had full power to authorize the sale, and it, in effect, exercised that power when it ratified and sanctioned its officers' act, and confirmed their executory and conditional agreement with the defendant. When this was done, the defendant's title—inchoate until then—became complete and perfect.

We think, too, that, under the provisions of section 2429 of the Code of Civil Procedure, even the original order of the 5th of March was validated. That section provides that:

"In a proceeding for the voluntary dissolution of a corporation the court may, in the furtherance of justice, upon notice to the attorney general, and the attorney general not objecting, and upon such further notice to creditors or others interested as the court shall direct, which notice may be made by mail upon all persons and corporations not residing or existing within the state, relieve a receiver from any omission, defect or default. in any proceeding or act required by law to be taken or done, or in the giving of any notice required by law to be given, and the court may upon like notice confirm any act of a receiver, and any decision, report, order or judgment made in. such proceeding." Laws 1895, c. 175.

This provision completely covers the original infirmity in the application which resulted in the order of the 5th of March. The plaintiff contends, however, that the omission to give the attorney general notice was not cured by the subsequent application on notice to that officer, for the reason that further notice was not also directed to be given to the creditors and stockholders. We think such a direction was not essential to confer jurisdiction under this provision of the Code. Indeed, it is even questionable whether failure to give these parties notice of the sale under the original order, however improvident, would have been a jurisdictional defect. Weeks v. Weeks, 106 N. Y. 626, 13 N. E. 96. But clearly, as they had such notice, further notice of the subsequent application was not essential. The court is thus authorized to relieve a receiver from any omission or default in the giving of any notice required by law to be given, and to confirm any act of his. This can only be done upon notice to the attorney general. Notice to that officer is undoubtedly mandatory. But the provision as to further notice to those who have already had notice is plainly not mandatory. The words "such further notice as the court shall direct" here mean such further notice as the court may deem proper in view of the facts and circumstances of the particular application. Whether the omission or default is of such character as to affect the creditors and stockholders as well as the attorney general depends upon the special facts of each case. In some cases, further notice would be an idle ceremony; in others, it might be quite proper. Whether it shall be given at all, and, if so, how and in what manner, is clearly left to sound judicial discretion. The essential thing is notice to the attorney general. If he objects, the court is powerless to relieve under this particular section. If he does not object, then, upon the assumption that all other persons in interest have already had due notice, the court may direct

49 N.Y.S.—61

such further notice to be given as it deems proper. Looking at the confirmation of the sale under consideration in both aspects,—that is, under the inherent power of the court,—and also under the provisions of this section, we think it clear that the plaintiff's first objection to the defendant's title was properly overruled.

As to the plaintiff's second objection, we need only say that he failed to make out a case such as would justify the court in setting aside the sale upon the application of the creditors or stockholders. The testimony as to the alleged agreement between the defendant and Ruppert is vague and inconclusive. There was no proof that this alleged agreement bore fruit; that either party acted upon it; or that Ruppert was influenced by it. On the contrary, the testimony is that Ruppert did not want the property, and did not care to purchase it. Nor was there proof of inadequacy of consideration. From aught that appears, the property brought every dollar it was worth. No one has ever apparently complained of the sale, or sought to have it set aside; and no one has ever intimated that he was willing to pay a dollar more for the property than the defendant paid. The sale was in all respects fairly conducted, and we think that the plaintiff's apprehension with regard to an application to set aside is unfounded. It certainly is as to the possible result, for such an application upon the facts in this record would rest upon no substantial foundation. The receivers here were not dealing with infants or incompetent persons. They sold the property of the corporation regularly to the highest bidder; and we think that, upon the confirmation of that sale, the defendant acquired a good and marketable title thereto.

It follows that the exceptions should be overruled, and judgment rendered for the defendant, upon the direction below, with costs. All concur.