In the Matter of the Application of LOUIS BITTNER and JOHN G. TURNBULL, as Surviving Directors of MANUFACTURERS PAPER COMPANY, a Corporation in Dissolution, etc.

Supreme Court, Special Term, New York County, February 10, 1942.

*Hurd, Hamlin & Hubbell*, for Louis Bittner.

*Turnbull & Bergh*, for John G. Turnbull.

*John J. Bennett, Jr., Attorney-General* [*Anthony P. Ludden, Assistant Attorney-General*, of counsel], for the People of the State of New York.

WALTER, J. The period of existence specified in the certificate of incorporation of Manufacturers Paper Company expired in 1934. The surviving directors instituted this proceeding for a judicial settlement of their accounts in 1941 under section 106 of the Stock Corporation Law. Such accounts have been filed and the issues raised by certain objections thereto have been referred to a referee. When the objectants sought an order to show cause why the petitioners should not be examined before trial, the clerk of Special Term, Part II, directed their attention to section 137 of the General Corporation Law respecting notice to the Attorney-General, and they thereupon served a copy of the proposed order to show cause upon the Attorney-General and obtained his admission of service. The Attorney-General did not appear upon the return of that order to show cause and the examination sought thereby was granted upon petitioners' consent. Petitioners then made this motion, upon

notice to the Attorney-General and the objectants, to strike out the Attorney-General's above-mentioned admission of service upon the order to show cause heretofore obtained by the objectants. The relief really sought is a judical determination that said section 137 is not applicable to a proceeding brought under section 106 of the Stock Corporation Law and that the Attorney-General consequently is not a necessary party. The Attorney-General has appeared upon the motion and stated his contention that section 137 is applicable (without, however, adducing either authority or argument in support of the contention), but no one has objected that the question of its applicability is not properly raised by this motion.

All parties apparently acquiesce in the view that, if section 137 be applicable, then under *State Bank & Trust Co.* v. *Locust Hill Gardens Corp* (226 App. Div. 326), and the cases there cited, the proceedings heretofore had herein are void for want of jurisdiction and no appearance or waiver by the Attorney-General at this stage of the proceedings will cure the defect. The court suggests that those cases are limited to the holding that a mere appearance and *nunc pro tunc* consent of the Attorney-General after some interested party has attacked the validity of the proceedings will not of itself serve to validate them, and that *Johnson* v. *Rayner* (25 App. Div. 598) supports the view that upon application by the petitioners upon notice to the Attorney-General, before any interested party has attacked the validity of the proceedings, the court could direct the re-entry of all the orders previously made herein.

Under all the circumstances, however, it seems best to decide the question which the parties have raised, viz.: Is section 137 of the General Corporation Law applicable to this proceeding?

Looking first at the language and present juxtaposition of sections 137 and 106, I think that question must be answered in the negative.

Section 137 by its terms requires service upon the Attorney-General in all actions and proceedings " for the dissolution of a corporation or a distribution of its assets." The present certainly is not an action or proceeding for the dissolution of a corporation, and neither do I think it is an action or proceeding for a distribution of the assets of a corporation, as that phrase is used in section 137. It may be that some distribution of assets will take place, but, if so, such distribution will be merely incidental to the settlement of the accounts of the surviving directors, which is the real object of the proceeding, and I think the phrase " distribution of its assets " appearing in section 137 means a distribution pursuant to an action or proceeding brought under one or the other of the articles of the

General Corporation Law preceding the article thereof in which section 137 appears. (Compare *Whitney* v. *New York & Atlantic R. R. Co.*, 32 Hun, 164, 174, holding that the statute which is now section 137 is not applicable to an action to foreclose a mortgage upon corporate assets.)

More cogent still is the fact that section 106 of the Stock Corporation Law contains its own specific provision respecting the notice to be given in proceedings brought under it. It says that in the case of a corporation dissolved under certain specified statutes " or by the expiration of its corporate existence " this court, upon a petition by designated persons " and upon notice to all surviving directors, and notice to such other persons interested as to the court may seem proper," may from time to time order and adjudge in respect to the various matters enumerated in the section. When a statute thus prescribes the notice to be given in proceedings taken under it, the provision of that statute respecting notice controls, and the proceeding may not be deemed defective even though some other statute contain words which, construed independently, might be regarded as embracing such proceeding.

Looking now to the history of the two statutes, there is disclosed, I think, strong confirmation of the view just expressed.

Section 137 of the present General Corporation Law is derived from section 8 of chapter 378 of the Laws of 1883, the title of which was " An act in relation to receivers of corporations." In the statutory consolidation of 1909 it became section 312 of the General Corporation Law of that year. (Laws of 1909, chap. 28.) Sections 220 and 221 of that law contained provisions respecting the dissolution of corporations without judicial proceedings, but provisions such as are now contained in section 106 of the present Stock Corporation Law (Laws of 1923, chap. 787) were not enacted until 1922, when chapter 125 of the Laws of 1922 added such provisions as section 222 of the General Corporation Law. In the revision of 1923 those sections 220, 221 and 222 were taken out of the General Corporation Law and were put into the Stock Corporation Law as sections 105 and 106 thereof. (See Laws of 1923, chap. 787, §§ 105, 106.)

There thus appears a rather deliberate intent that dissolutions and distributions by judicial proceedings should be governed by the General Corporation Law, and that dissolutions without judicial proceedings, and also such judicial proceedings as may be invoked as incidental to dissolutions without judicial proceedings, should be governed by the Stock Corporation Law. Section 106 of the Stock Corporation Law hence should be regarded as complete in itself, at least in so far as concerns the provision for notice,

and not affected by the requirement of notice contained in section 137 of the General Corporation Law.

It well may be that in some proceedings under section 106 of the Stock Corporation Law the facts will disclose a situation making it proper for the court to direct that notice be given to the Attorney-General, but no such facts are disclosed here, and if, as appears to be the fact, petitioners have given the notice directed by the court in this case, I hold that the proceeding is not defective because notice was not given to the Attorney-General.

The motion is accordingly granted. Settle order.