■ TENDER CARE, INC., Respondent, v GERARD B. SELIN et al., Appellants, et al., Defendant. — In an action to recover damages for breach of contract and for an accounting, defendants Selin and Chemvet Laboratory Services, Inc., appeal from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 23, 1981, which granted plaintiff's motion to restore the action to the Trial Calendar upon certain conditions, and (2) a further order of the same court (Di Paola, J.), dated January 7, 1982, which (a) denied their motion to strike plaintiff's note of issue dated December 9, 1981, and (b) *sua sponte* vacated the judgment of dismissal entered December 8, 1981, upon the automatic dismissal of the action on October 16, 1981 pursuant to CPLR 3404. Order dated January 7, 1982 reversed, on the law, motion to strike granted and judgment of dismissal reinstated. Appeal from the order dated July 23, 1981 dismissed as academic in light of the above determination. Appellants are awarded one bill of $50 costs and disbursements. On October 16, 1981, the clerk marked this action abandoned. On December 8, 1981, appellants' attorney obtained a certificate from the clerk certifying that the action was dismissed pursuant to CPLR 3404 for failure to prosecute and a clerk's judgment dismissing the action was entered on that date. The plaintiff thereafter filed a note of issue dated December 9, 1981 but did not seek an order vacating the dismissal of the action for failure to prosecute and the judgment entered thereon. Nor did the plaintiff seek such relief in opposition to appellants' motion to strike the note of issue (see CPLR 2215). Since plaintiff took no action to vacate the automatic dismissal of October 16, 1981 and the judgment of dismissal entered December 8, 1981, there was no case pending as of December 9, 1981, the date plaintiff filed a note of issue, and the motion to strike should have been granted (see *Roberts v Ryan Homes,* 78 AD2d 584; *Campbell v Puntoro,* 36 AD2d 568). The *sua sponte* vacatur of the judgment of dismissal was error. The plaintiff never sought such relief by cross motion or otherwise and the appellants were never given an opportunity to oppose the granting of such relief. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.