(August 16, 1984)

■ MARY M. FUREY, Respondent, v WILLIAM N. FUREY, JR., Appellant. — Judgment, Supreme Court, New York County (A. B. Bowman, J.), entered July 15, 1983, is unanimously modified, on the law and the facts and in the exercise of discretion, (a) to direct that any sale by the receiver shall be subject to confirmation by the court, (b) to eliminate the direction to the receiver to compute the market value of the shares of stock, and (c) to eliminate the requirement that the receiver approve any sale of plaintiff's interest in the stock to defendant, if that sale is agreed to by both plaintiff and defendant; and the judgment is otherwise affirmed, without costs.

The Trial Judge carefully considered and discussed the relevant factors relating to equitable distribution in this case, and arrived at a decree of equitable distribution which was reasonable and well within the discretion of the trial court in making an "equitable" distribution.

We do have a problem with respect to the receivership portion of the judgment. The court directed the appointment of a receiver (apparently under CPLR 5106) essentially to sell stock of certain closed corporations in order to pay the plaintiff the 30% of the value which the court was allocating to plaintiff. In principle, this seems very like, e.g., a referee to sell in a mortgage foreclosure action. (See RPAPL 1351, subd 1.) However, we think it was improper for the court, without the consent of all parties, to give to a private attorney the unreviewable power of sale of the stock. Like the action of a referee in a foreclosure, the sale should be subject to confirmation by the court (cf. RPAPL 1355) so that the parties may have judicial protection against the possibility of an improper or unfair sale. Nor do we see why the receiver should be *required* to compute the market value of the shares, although no doubt he may attempt to arrive at some idea of the value to guide him in the sale. Further, as the only persons having an interest in the matter are the plaintiff and the defendant, both adults dealing at arm's length and represented by counsel, we see no reason why any agreement that they may make with respect to that 30% interest should be subject to approval by the receiver. Concur — Murphy, P. J., Sandler, Carro, Silverman and Kassal, JJ.