■ CAROLYN BERK, Appellant-Respondent, v HARVEY BERK, Respondent-Appellant.—In an action for a separation and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Richmond County (Felig, J.),

entered November 6, 1989, as directed that she undergo psychiatric evaluation on the issue of visitation, and the husband cross-appeals from so much of the same order as, upon determining that branch of his motion which was to compel the sale of two parcels of real property, directed the sale of only one, and not both, of those parcels.

Ordered that the appeal is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the second, third and fourth decretal paragraphs thereof are vacated; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant claims that the court erred in directing the sale of one of two properties the parties hold as tenants by the entirety, since he only agreed to sell that property if both were sold. We agree.

It is settled that courts have no authority to order the sale of property held by tenants by the entirety without the parties' consent, unless the legal relationship of husband and wife is first altered through judicial intervention *(see, Kahn v Kahn,* 43 NY2d 203, 210; *Harrilal v. Harrilal,* 128 AD2d 502; *Tsakis v Tsakis,* 110 AD2d 763; *Brady v Brady,* 101 AD2d 797, *affd* 64 NY2d 339). Because the parties did not agree to sell the subject properties, both of which are held as tenancies by the entirety, the court lacked authority to order the sale of either.

In addition, we note that, because the plaintiff's son has now reached the age of majority, her appeal concerning visitation issues is dismissed as academic *(see,* Domestic Relations Law § 2; *Pizzuto v Pizzuto,* 162 AD2d 443; *Leff v Leff,* 144 AD2d 544; *Anastasia v Anastasia,* 100 AD2d 740; *Adamec v Adamec,* 81 AD2d 600). Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.