■ ELIZABETH HARRINGTON, Respondent, v WILLIAM McMANUS, Appellant. [755 NYS2d 661] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated May 30, 2002, as granted that branch of the plaintiff wife's motion which was to direct the sale of the marital residence and, by permission, from so much of the same order as, sua sponte, directed him to pay all carrying charges on the marital residence pending its sale.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

It is well established that, prior to some alteration in the marital relationship, courts lack the authority, absent the consent of the parties, to direct the sale of a marital residence owned by the parties as tenants by the entirety (*see Kahn v Kahn,* 43 NY2d 203, 209-210 [1977]; *Kayden v Kayden,* 234 AD2d 345 [1996]). Moreover, courts must respect conditions placed on a party's consent to the sale of such property, and lack the authority to direct a sale where those conditions have not been met (*see Berk v Berk,* 170 AD2d 564, 565 [1991]). Here, the plaintiff wife acknowledged that the defendant husband initially consented to the sale of the marital residence

only at a particular selling price, and that he, in effect, subsequently revoked his consent. Accordingly, the Supreme Court erred in granting that branch of the wife's motion which was to direct the sale of the marital residence.

In addition, the Supreme Court erred in directing the husband, sua sponte, to pay all carrying costs on the marital residence pending its sale. The plaintiff never requested the Supreme Court to do so, and the defendant was never given an opportunity to oppose the granting of such relief (*see Tender Care v Selin,* 90 AD2d 547 [1982]). Florio, J.P., Crane, Cozier and Rivera, JJ., concur.