■ JOYCE DELVITO, Appellant, v JOHN DELVITO, Respondent. [775 NYS2d 71]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Shapiro, J.), entered May 20, 2003, which, inter alia, denied those branches of her motion which were to hold the defendant husband in contempt for his failure to comply with court-ordered financial disclosure and granted that branch of his cross motion which was to direct the sale of the marital residence pendente lite.

Ordered that the order is modified, on the law and the facts, by deleting the 10th decretal paragraph thereof granting that branch of the cross motion which was to direct the sale of the marital residence pendente lite and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"It is settled that courts have no authority to order the sale of property held by tenants by the entirety without the parties' consent, unless the legal relationship of husband and wife is first altered through judicial intervention" (*Berk v Berk*, 170 AD2d 564, 565 [1991]; *see also Kahn v Kahn*, 43 NY2d 203 [1977]; *Harrington v McManus*, 303 AD2d 368 [2003]; *Kayden v Kayden*, 234 AD2d 345 [1996]). We agree with the wife's contention that the record does not establish that she consented to a sale of the marital residence while the matrimonial action was pending.

At a hearing in May 2002 on the wife's motion for pendente lite relief, the court indicated that, from its review of the parties' financial circumstances, the marital residence would have to be sold. The court directed the husband, at his sole expense, to take the necessary steps to obtain a certificate of occupancy so that the residence could be sold. The wife's attorney stated that "(s)he (the wife) is agreeable to sell the house. She understands that's going to have to happen."

Nearly a year later, while the matrimonial action was still in the discovery stage, the husband cross-moved to direct the immediate sale of the residence. The wife opposed the motion on the ground that she did not consent to a sale of the residence pendente lite, and she had no funds to obtain alternative housing for herself and the parties' three children. Based on the transcript and its recollection of the proceeding in May 2002 the court concluded that the wife consented to the sale of the residence while the action was pending and, based on that representation, the husband incurred the expense of obtaining a certificate of occupancy. The court therefore found that the wife was estopped from opposing an immediate sale of the residence. However, the court directed that no closing could take place until the end of the 2003 school year. This Court stayed so much of the order as directed the sale of the marital residence, pending determination of the appeal.

Although the transcript of the May 2002 proceeding indicates that the wife agreed, through her attorney, that the marital residence would have to be sold, it does not support the court's determination that she consented to the sale of the residence while

the matrimonial action was pending. The wife was present at the hearing in May 2002 but she was not directly asked whether she consented to an immediate sale of the residence (cf. *Frisina v Frisina*, 178 AD2d 460 [1991]), and her attorney's statement did not indicate that an immediate sale was contemplated. Furthermore, the fact that the husband was directed to obtain a certificate of occupancy for the residence does not establish that he relied to his detriment on the wife's alleged consent to an immediate sale. A certificate of occupancy was required regardless of when the property was to be sold. Accordingly, in view of the wife's refusal to consent, the Supreme Court erred in directing a sale of the residence before the termination of the parties' relationship as husband and wife.

The wife's remaining contentions are without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.