■ KATHERINE LYONS, Appellant, v ADRIANA SALAMONE et al., Respondents. [821 NYS2d 188]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 23, 2005, which, in an action involving the parties' respective management and ownership rights in a business, denied plaintiff's motion for contempt or other sanc-

tions based on defendant's noncompliance with a prior order, same court and Justice, dated February 7, 2005, directing defendant, inter alia, to make certain preliminary payments to plaintiff representing a share of the business's gross proceeds; granted defendant's cross motion to vacate the February 7 order to the extent of vacating so much thereof as required such payments of gross proceeds; granted plaintiff's application to dissolve the business; and appointed a receiver to value the business and sell it in aid of dissolution, unanimously modified, on the law and the facts, to direct that the receiver's valuation and sale of the business be subject to confirmation by the IAS court, and otherwise affirmed, without costs.

The parties' agreement, self-prepared by defendant, provides for a sale of 20% of the subject business, a limited liability company, by defendant to plaintiff for $180,000, and that plaintiff is to receive 20% and defendant 80% of the business's "gross proceeds." Obviously, the distribution of gross proceeds, without provision for payment of expenses, is an unworkable arrangement reflecting the parties' inexperience and confusion as how to document their arrangement, and indeed the record shows that the parties understood that business's expenses had to be paid. Accordingly, the February 7 order was properly modified, and the parties' agreement effectively reformed, to eliminate the requirement of payment of gross proceeds (*see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]; *S & S Media v Vango Media*, 84 AD2d 356, 360 [1982]). In view of the foregoing, plaintiff's motion for contempt was properly denied insofar as based on defendant's failure to comply with that part of the February 7 order as required payment of gross proceeds. Insofar as the motion for contempt was based on defendant's failure to comply with that part of the February 7 order as required production of financial records to a court-appointed auditor and payment of the auditor's fee, the motion was properly denied upon a showing of the business's poor financial condition and the difficulties in reconstructing its financial history. We reject plaintiff's argument that the absence of a provision in the Limited Liability Company Law expressly authorizing a buyout in a dissolution proceeding rendered the IAS court without authority to grant the parties mutual buyout rights, and find that it is an equitable method of liquidation to allow either party to bid the fair market value of the other party's interest in the business, with the receiver directed to accept the highest legitimate bid. However, it was improper to appoint a private attorney as a receiver to value the business and then sell it without court oversight, and we accordingly modify to provide that the receiver's valuation and sale be subject to

court confirmation (*see Furey v Furey*, 104 AD2d 318 [1984], *appeal dismissed* 64 NY2d 646 [1984]). Plaintiff's argument that the receiver should also be authorized to operate the business is raised for the first time on appeal and we decline to entertain it. Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.