■ STEPHEN THOMAS MORAN, Respondent, v JUSTINE CLARE MORAN, Appellant. [908 NYS2d 661]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 15, 2009, which granted plaintiff's motion for appointment of a receiver for the purpose of effectuating the sale of the marital residence pursuant to the parties' separation agreement, unanimously reversed, on the law and on the facts, without costs, and the matter remanded for further proceedings consistent herewith. Appeal from order, same court and Justice, entered March 3, 2010, unanimously dismissed, without costs, as academic.

In this plenary action commenced to enforce a provision of a separation agreement prior to commencement of a divorce action, the husband moved for an order appointing a receiver to effect the sale of the marital residence. The separation agreement provided that the wife would receive ownership of the marital residence on the condition that she refinance the prop-

erty by a certain date or sell it. The agreement provided that, if refinancing were not obtained by the specified date, the property would immediately be listed with a broker selected by the wife in her "sole discretion" and required her to "use efforts reasonably calculated to produce the best sales price available in the market for the expeditious sale of the Real Property."

In support of the motion, plaintiff's counsel averred that defendant had willfully obstructed the sale of the marital residence by selecting a listing price $200,000 higher than the property's fair market value and refusing to discuss a floor price at which the property would be sold. Plaintiff's counsel relayed opinions of a broker who told him what the property was worth, but offered no evidence in admissible form to establish market value. In opposition, defendant stated she had selected the proposed listing price following discussion with the broker she selected, who submitted an affidavit stating the price was reasonable and that he had potential buyers who were interested in viewing the property at that price.

The court issued interim orders directing the husband to have the property appraised and appointing an independent appraiser. The wife never received a copy of the independent appraisal, which the court represented was consistent with the husband's appraisal. The court found that the wife had violated the separation agreement by listing the property at a price grossly in excess of any appraised value, and therefore granted plaintiff's motion. Following settlement of an order on notice, the court issued an order appointing a receiver to effectuate the sale of the property, which authorized the receiver to list the property with any licensed real estate broker at a listing price $44,000 over the appraised value and to accept an offer at the appraised value within the first 60 days and at a price $50,000 below the appraised value after 120 days.

It is well-settled that, prior to entry of a judgment altering the legal relationship between spouses by granting divorce, separation or annulment, courts may not direct the sale of marital property held by spouses as tenants by the entirety, unless the parties have consented to sell (see *Kahn v Kahn*, 43 NY2d 203 [1977]; *Adamo v Adamo*, 18 AD3d 407 [2005]; *Jancu v Jancu*, 241 AD2d 316 [1997]). When the parties have agreed to sell marital property prior to entry of a divorce judgment, the court "must respect conditions placed on a party's consent to the sale of such property" (*Harrington v McManus*, 303 AD2d 368, 368 [2003]), and cannot set conditions on the sale which were not agreed to by the parties (see *Harrilal v Harrilal*, 128 AD2d 502, 503-504 [1987]; *Shammah v Shammah*, 22 Misc 3d

822, 829 [Sup Ct, Nassau County 2008]). The court's order directing a sale of the marital property through a broker chosen by a receiver, and at a price set by the court, improperly overrode the parties' agreement that the wife would have "sole discretion" to select a broker, and supplied price terms that were not agreed to by the parties in the separation agreement.

Moreover, plaintiff failed to make a clear evidentiary showing warranting the drastic remedy of appointment of a receiver, which is to be invoked only where necessary for the protection of the parties, and upon a clear showing of a danger of irreparable loss (see Matter of Armienti & Brooks, 309 AD2d 659 [2003]; Serdaroglu v Serdaroglu, 209 AD2d 606 [1994]). Plaintiff did not show that he would suffer irreparable loss if a receiver were not appointed, and did not dispute that defendant was maintaining the property and making all required mortgage payments, so that appointment of a receiver was not warranted (CPLR 6401). Assuming plaintiff established he was entitled to specific enforcement of the sale agreement, that could be accomplished through a remedy less extreme and costly to defendant than appointment of a third-party receiver.

The case primarily relied on by plaintiff in support of the motion, Trezza v Trezza (32 AD3d 1016 [2006]), provides no support for the relief granted in the instant case, since it was a post-judgment enforcement action in which a former spouse was appointed receiver for the limited purpose of effectuating the sale of the former marital residence, at a price within the range agreed to by the parties, and upon a showing that the former husband had willfully obstructed the sale by refusing to execute a contract of sale at the agreed price (see also Stern v Stern, 282 AD2d 667, 668 [2001]; see CPLR 5106). In this case, the court appointed a receiver with broad authority to sell the property at a price not agreed to by the parties, and the evidence did not establish willful obstruction by the wife, but only disagreement as to the reasonable value of the property.

Reversal is also required because, although the parties did not object to the court's orders directing an appraisal and appointing an independent appraiser (see Domestic Relations Law § 237; 22 NYCRR 202.18), they did not stipulate to be bound by the results of the appraisals. The court, therefore, was required to afford the parties the opportunity to review the appraisals, cross-examine the appraisers and offer additional evidence on valuation (see Kesseler v Kesseler, 10 NY2d 445, 451-452 [1962]; Banker v Banker, 56 AD3d 1105, 1107-1108 [2008]). In no event could the court rely on an appraisal report that was not provided to the parties and not made part of the record (see Samuelsen v Samuelsen, 124 AD2d 650, 651-652 [1986]).

Defendant's additional contention that the motion court lacked jurisdiction over the instant action is without merit, since the Supreme Court is a court of plenary jurisdiction (NY Const, art VI, § 7). Plaintiff properly commenced a plenary action to enforce the separation agreement, since no matrimonial action was then pending (*see Singer v Singer*, 261 AD2d 531, 532 [1999]). The court did not improvidently exercise its discretion by denying defendant's request, made after it had rendered an oral decision on the motion, to transfer this case to the matrimonial part presiding over the divorce action that she commenced during the pendency of this motion (*see Briarpatch Ltd., L.P. v Briarpatch Film Corp.*, 68 AD3d 520 [2009]). However, following remand, if the divorce action is still pending, this matter should be reassigned to the matrimonial part in the interests of judicial economy and efficiency. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.