Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered May 4, 2012, which, to the extent appealed from as limited by the briefs, denied defendant’s cross motion to compel plaintiff to sell her interest in the marital residence to his parents, unanimously affirmed, without costs.
“It is well-settled that, prior to entry of a judgment altering the legal relationship between spouses by granting divorce, separation or annulment, courts may not direct the sale of marital property held by spouses as tenants by the entirety, unless the parties have consented to sell” (Moran v Moran, 77 AD3d 443, 444 [1st Dept 2010]). Here, plaintiffs statement in her affidavit, filed in connection with a prior motion in this action, did not constitute a stipulation or agreement between the parties to immediately sell the marital residence, as it did not reflect a meeting of the minds and did not contain specific terms (see CPLR 2104; see also Delvito v Delvito, 6 AD3d 487 [2d Dept 2004]). Nor is this case akin to those in which the parties entered into an on-the-record stipulation of settlement that specifically set forth the terms of the agreement (see Markson v Markson, 139 AD2d 705 [2d Dept 1988]) or in which a party consented to the sale on-the-record in open court in response to the court’s questions (see Frisina v Frisina, 178 AD2d 460, 460 [2d Dept 1991]).
*545 Plaintiff is not prohibited from refusing to consent to the sale by the doctrine of judicial estoppel, given that she never previously took the position that she was amenable to an immediate sale of the residence to defendant’s parents (see generally Nestor v Britt, 270 AD2d 192, 193 [1st Dept 2000]). In fact, she rejected such a proposal. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.