Efron v Efron (2025 NY Slip Op 00270)

Efron v Efron

2025 NY Slip Op 00270

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 365126/2022 Appeal No. 3522 Case No. 2024-01916 

[*1]Ilon Efron, Plaintiff-Appellant,
v
Russel Efron, Defendant-Respondent.

Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), for appellant.
Iniguez Law Group, PLLC, New York (James E. Iniguez of counsel), for respondent.

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about March 13, 2024, which granted defendant husband's motion to the extent of ordering the parties to submit the name of a third-party receiver whom the court would appoint to sell the marital residence, and ordered plaintiff wife to pay 100% of the receiver's fee and to remit to the husband's counsel the sum of $2,375 in counsel fees and $45 in fees, unanimously reversed, on the law and the facts, without costs, and the husband's motion denied in its entirety.
Supreme Court's order appointing a third-party receiver to effect the sale of the marital residence exceeded the parties' agreement to list the marital residence for sale under the terms of an August 11, 2023 so-ordered stipulation, in which the parties agreed to cooperate and sign a listing agreement to facilitate the sale of the marital residence (see Moran v Moran, 77 AD3d 443, 443 [1st Dept 2010]). The wife reviewed the listing agreement that the broker sent to the parties, suggested several edits in order to reflect certain terms that the parties did not agree to in the stipulation, and then signed and sent the agreement to the husband's counsel before the court-imposed deadline. The husband refused to negotiate or countersign. Indeed, the husband's counsel acknowledged that the husband wanted his own right of first refusal to purchase the marital residence even though only the wife retained this right under the stipulation. Thus, the court was not empowered to order the sale of the marital residence (id.). Notably, the stipulation also failed to set forth specific material price terms for the sale of the marital residence (see Taglioni v Garcia, 200 AD3d 44, 46 [1st Dept 2021]; Schorr v Schorr, 106 AD3d 544, 544 [1st Dept 2013]).
Moreover, the husband failed to demonstrate irreparable loss to warrant the drastic remedy of appointing a receiver (see Moran, 77 AD3d at 445). The husband's claim that he was in danger of irreparable loss unless the marital residence was sold was belied by his own actions in insisting that the listing agreement be signed "unaltered," knowing that it contained terms not agreed to by the parties. Nor did the husband submit evidence to support his claim that he needed funds from the sale of the marital residence. On the contrary, given his outstanding arrears, the husband stands to gain little for his portion of the sale of the residence.
Contrary to the husband's position otherwise, the record allows for adequate review on appeal, and we therefore decline to dismiss the appeal (cf. de Luca v de Luca, 231 AD3d 534, 535 [1st Dept 2024]).
Because the contempt proceedings against the wife are being held in abeyance pending determination of this appeal, the resolution of those proceedings remains the motion court's province.
We have considered the husband's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: January 16, 2025