Pivar v Pivar (2026 NY Slip Op 00030)

Pivar v Pivar

2026 NY Slip Op 00030

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 323491/21|Appeal No. 5516|Case No. 2025-01271|

[*1]Larimore Hampton Pivar, Plaintiff-Respondent,
vStuart L. Pivar, Defendant-Respondent. Jonas Hertner, Intervenor-Appellant.

Nathan A. Holcomb, PC, New York (Nathan A. Holcomb of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Derek Wolman of counsel), for Larimore Hampton Pivar, respondent.
Meenan & Associates, LLC, New York (Lissett C. Ferreira of counsel), for Stuart L. Pivar, respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered February 11, 2025, which denied proposed intervenor Jonas Hertner's motion for an order to enforce or ratify a purchase agreement for the artwork known as Early Marilyn Thirty-five Times, 1962, a/k/a, Marilyn Thirty-five Times, 1962,and for leave to intervene in the matrimonial proceedings, and granted plaintiff's and defendant's joint cross-motion to the extent of declaring the purchase agreement invalid and unenforceable, and awarded sanctions pursuant to 22 NYCRR 130-1.1 in the form of attorneys' fees of $2,500 payable by Hertner to defendant husband's attorney and $2,500 payable to plaintiff wife's attorney, unanimously affirmed, without costs.
The court properly denied Hertner's motion for leave to intervene in the matrimonial action. Although intervention is to be liberally granted (see CPLR 1012; 1013; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]), whether sought as of right under CPLR 1012 (a)(3) or in the court's discretion under CPLR 1013, such relief is warranted only where the proposed intervenor demonstrates a real and substantial interest in the outcome of the proceeding (see Sieger v Sieger, 297 AD2d 33, 36 [2d Dept 2002], lv dismissed 99 NY2d 651 [2003]). Here, Hertner failed to establish any ownership interest in the artwork sufficient to justify intervention in the matrimonial action (see id.).
The court correctly determined that the December 22, 2023 purchase agreement was not valid and enforceable without the court's prior knowledge and approval (see Lyons v Salamone, 32 AD3d 757, 758-759 [1st Dept 2006]; Furey v Furey, 104 AD2d 318, 318 [1st Dept 1984], appeal dismissed 64 NY2d 646 [1984]; Johnson v Rayner, 25 AD 598, 600 [1st Dept 1898]). Pursuant to CPLR 6401, a temporary receiver's authority is limited to "such conditions and for such purposes as the court shall direct." The receiver is a "creature of the court" and is "subject to the control of the court at all times" (Matter of Kane [Freedman-Tenenbaum], 75 NY2d 511, 514 [1990]). Although the order appointing the receiver granted her the power to effectuate the sale of the Pivars' art collection and to execute any documents in connection therewith, "including but not limited to a contract for the sale of the Collection," the order expressly maintained court oversight. The receiver was required to apprise the court of her efforts every 90 days, and the court retained the right to modify the provisions of the receivership "by expanding it, limiting it, or vacating it." Furthermore, it is well settled that courts may not direct the sale of marital property prior to entry of judgment unless the parties have consented to the sale (see Taglioni v Garcia, 200 AD3d 44, 45 [1st Dept 2021]). Here, the Pivars maintain that they had no knowledge of the purchase agreement until late February 2024, approximately two months after it was executed, and prior to entry of any final judgment. Accordingly, the court-appointed receiver's failure to apprise the parties and the court prior to signing the purchase agreement invalidated the agreement. In addition, as the motion court noted, the contract expired by its own terms on February 29, 2024, and the receivership was terminated two weeks earlier by so-ordered stipulation. The court also correctly declined to ratify the purchase agreement. Ratification requires full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language (see Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc., 234 AD3d 404, 405 [1st Dept 2025]). Here, the record demonstrates that the Pivars were neither provided with a copy of the purchase agreement nor informed of any details concerning the sale of the artwork until late February 2024. Moreover, Hertner's continued attempts to obtain the husband's consent to the sale further underscore that the Pivars never assented to the terms of the purchase agreement.
Finally, the sanctions imposed by the court were appropriate given Hertner's involvement in the removal of the artwork from the husband's residence and his repeated attempts to contact the husband directly, despite knowing that the husband was represented by an attorney and had been declared incompetent (see 22 NYCRR 130-1.1[a]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026