Matter of Perlbinder v Perlbinder

2026 NY Slip Op 02048

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Barton Mark Perlbinder, Petitioner, Muffy Flouret, Petitioner-Appellant,

v

Stephen Perlbinder et al., Respondents-Respondents.

Decided and Entered: April 02, 2026

Index No. 155612/24|Appeal No. 6252|Case No. 2025-04766|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Farrell Fritz, P.C., New York (Becky (Hyun Jeong) Baek of counsel), for appellant.

Stein Adler Dabah & Zelkowitz LLP, New York (Adam J. Stein of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 18, 2025, which, to the extent appealed from, denied the request of petitioner Muffy Flouret that the Order of Appointment of Receiver include the provision that the receiver implement a tax-efficient property division method of dissolution, unanimously modified, on the law, to direct that any sales by the receiver be subject to confirmation by Supreme Court or be approved by all parties, and otherwise affirmed, without costs.

Flouret is an aggrieved party with standing to appeal. A "successful party may appeal . . . from a judgment or order in h[er] favor if . . . it does not grant h[er] complete relief" (Parochial Bus. Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544 [1983]). Although neither the petition nor the motions for the dissolution of the corporations and appointment of a receiver asked that ownership of the properties at issue be changed from business entities to tenants-in-common ownership, Flouret clearly requested this in the proposed order that she submitted to the court. Flouret may appeal because she did not obtain this relief.

The motion court did not grant sua sponte relief when it included a provision in the Receivership Order for dissolution by bulk asset sale liquidation. Flouret's verified petition specifically requested "liquidation, a full accounting, and then distribution of [the corporation's] assets between its shareholders." She also alleged, "An omnibus dissolution of the Entities is . . . necessary because the Entities are financially inextricably interwoven."

However, sales of properties by the receiver should either be confirmed by Supreme Court (see e.g. Lyons v Salamone, 32 AD3d 757, 758-759 [1st Dept 2006]) or approved by all parties (see Furey v Furey, 104 AD2d 318, 318 [1st Dept 1984], appeal dismissed 64 NY2d 646 [1984]). Respondents have stated that they do not oppose this relief, and they have also indicated that the receiver agrees to this.

Although CPLR 2219(a) provides that an order shall list the papers reviewed in determining a motion, an order "need not be vacated for failure to recite the papers on which it is based" (Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419 [1st Dept 2016], lv dismissed 28 NY3d 1081 [2016]). A fortiori, an order need not be vacated because its recital of the papers on which it is based is incomplete. Indeed, "[t]he recital requirement . . . is designed to identify those papers which should be included in the record on appeal" (Singer v Board of Educ. of City of N.Y., 97 AD2d 507, 507 [2d Dept 1983]), and here, the record contains the papers needed to decide the appeal, including papers not recited in the order.

[*2]

"In light of [Flouret's] failure to request an evidentiary hearing, [she] cannot be heard to argue on appeal that one was required" (Seligson v Russo, 16 AD3d 253, 253 [1st Dept 2005], lv denied 5 NY3d 706 [2005]). In any event, "[a] hearing is only required where there is some contested issue determinative of the validity of the application" (Matter of Gordon & Weiss, 32 AD2d 279, 280 [1st Dept 1969]), which is not the case here.

We have considered Flouret's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026